IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBBY DEE KESSLER | § | |
| VS. | § | CIVIL ACTION NO. 5:20cv17 |
| WARDEN, FCI TEXARKANA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Robby Dee Kessler, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner filed this petition for writ of habeas corpus asserting that the Bureau of Prisons abused its administrative discretion by denying his request for *nunc pro tunc* designation for time spent in state custody.

Analysis

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Thus, petitioner's claims are properly asserted in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.   *Procedural Background*

On January 20, 2014, petitioner was arrested by state authorities in Missouri for Distribution, Delivery, Manufacture, Possess with the Intent to Distribute Methamphetamine, as well as a violation of parole. Petitioner was released on bond on March 21, 2014.

On May 5, 2015, in Circuit Court for Boone County, Missouri, petitioner was sentenced to a nine-year term of imprisonment with credit for time served. Petitioner's sentence was stayed until May 8, 2015, when he was ordered to surrender for service of his state sentence. Petitioner, however, failed to surrender as ordered, and a Capias Warrant was issued on May 11, 2015 in the Boone County Circuit Court. On May 21, 2015, petitioner was arrested by state authorities based on the Capias Warrant and was transferred to the Missouri Department of Corrections to serve his nine-year sentence.

On June 10, 2015, petitioner was indicted in the United States District Court for the Western District of Missouri. On June 29, 2015, petitioner was temporarily moved from state custody by the United States Marshal's Service on a federal Writ of Habeas Corpus *Ad Prosequendum*. On January 12, 2017, in the United States District Court for the Western District of Missouri, petitioner was sentenced to a term of imprisonment for 137 months for Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine. The court ordered petitioner's federal sentence to run concurrently with his previous conviction from Boone County Circuit Court. Petitioner was returned to Missouri state authorities on January 17, 2017 to complete his state sentence.

On July 13, 2018, petitioner was paroled from the Missouri Department of Corrections and was released to the exclusive custody of the United States Marshal for service of his 137-month federal sentence.

II.   *Nunc Pro Tunc Designation*

Petitioner argues that the BOP abused its administrative discretion by denying his request for *nunc pro tunc* designation for time spent in state custody. In this case, however, a *nunc pro tunc* designation was not necessary because the federal sentence was imposed after the state sentence and the district court ordered that the federal sentence was to run concurrently with petitioner's state sentence. To receive a *nunc pro tunc* designation, the federal sentence must have been imposed before the state sentence. *Pierce v. Holder*, 614 F. 3d 158, 160 (5th Cir. 2010); *see also Smith v.*

*McConnell*, 950 F.3d 285, 287 (5th Cir. 2020) (holding that because the petitioner's federal sentence was imposed after his state sentence, and not before, "the BOP could not have abused its discretion by not considering the request" for *nunc pro tunc* designation). Thus, petitioner was not entitled to a *nunc pro tunc* designation. Accordingly, the petitioner's claim is without merit and should be denied.

III.    *Sentence Calculation*

The calculation of a term of imprisonment is governed by Title 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28, Sentence Computation Manual, page 1-21. This is true even if a sentence is to run concurrent with a previously imposed term. *Id.* (holding "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Generally, the sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. *McCarthy v. Warden*, 168 F.App'x. 276, 277 (10th Cir.), *cert. denied*, 548 U.S. 914, 126 S.Ct. 2949, 165 L.Ed.2d 968 (2006); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Rowell v. Beeler*, 135 F.App'x. 590, 594

n.2 (4th Cir. 2005); *Phillips v. Kaiser*, 47 F.App'x. 507, 511 (10th Cir. 2002) (finding that state had primary jurisdiction over petitioner, although he was on supervised release for his federal conviction at the time of his arrest by state authorities); *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir. 1964) ("It is well settled that in our two systems of courts, the one which first takes custody of a prisoner in criminal cases is entitled to the custody of the prisoner until final disposition of the proceedings in that court, but during this time the prisoner is not immune from prosecution by the other sovereign."). Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1988); *United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir. 1990). Time spent by a prisoner in federal custody under a writ of habeas corpus *ad prosequendum* is not counted towards the federal sentence if that time was credited toward his state sentence. *See McKinley v. Haro*, 83 F. App'x 591 (5th Cir. 2003); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985).

      The BOP commenced petitioner's 137-month federal sentence on January 12, 2017, the date the sentence was imposed. Additionally, the BOP applied time credits for August 25, 2013 and for the period from January 20, 2014 through March 21, 2014 because those time periods were not applied to his Missouri state sentence or any other sentence.

      Petitioner seeks pre-sentence credits for the period from May 22, 2015 through the date of his federal sentencing on January 12, 2017. As set forth above, however, pursuant to 18 U.S.C. § 3585, petitioner is not entitled to credit toward his federal sentence prior to commencement of his sentence on January 12, 2017. Additionally, pursuant to Program Statement 5880.28, petitioner is not entitled to time spent on a writ of habeas corpus *ad prosequendum* because it is considered pre-sentence time credit. Time spent by a prisoner in federal custody under a writ of habeas corpus *ad*

*prosequendum* is not counted towards the federal sentence if that time was credited toward his state sentence. *See McKinley v. Haro*, 83 F. App'x 591 (5th Cir. 2003); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985). Here, petitioner received credit toward the completion of his Missouri sentence for these time periods. A petitioner cannot receive credit for time that was already credited toward a state sentence. *See McConnell*, 950 F.3d at 288.

Further, to the extent petitioner's claim may be interpreted as seeking *Willis* credits, his claim is without merit. *See Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). *Willis* allows additional pre-sentence credit for non-federal custody that occurs on or after the date of the federal offense until the date the first sentence begins for those inmates whose full-term concurrent state sentence is equal to or less than the federal full-term date. *See Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009). That is not the situation in this case, however, as petitioner's state sentence began prior to his federal offense date and the imposition of his federal sentence. *See* Response, Exhibit A, ECF No. 7-1 at *7. Here, time credits for the period from May 22, 2015, the federal offense date, to January 11, 2017, the day prior to the imposition date of his federal sentence, were applied to petitioner's Missouri state sentence to reduce the time of incarceration and allow petitioner to be paroled to begin his federal sentence. Petitioner is not entitled to double credit for this time. Thus, the petitioner has been credited with all time to which he is entitled.

## Recommendation

The above-styled petition for writ of habeas corpus should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the Magistrate Judge's Report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this the 20th day of December, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE